J-A35045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| N.N.A., | : | |
| | : | |
| Appellant | : | No. 1185 WDA 2015 |

Appeal from the Order entered June 30, 2015
in the Court of Common Pleas of Clearfield County,
Civil Division, No(s):  2009-1035-CD

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED FEBRUARY 19, 2016**

N.N.A. ("Father") appeals from the Order denying his Petition for Modification of Custody with respect to his son, G.A.A. ("Child"), born May 30, 2007.  We affirm.

This Court set forth the relevant underlying history in a prior decision as follows:

> [A.N.A. ("Mother")] and Father married on August 14, 1999, and [Child] was born of the marriage during 2007[,] while the couple resided in North Carolina.  Mother and Father separated in 2008. After returning to her hometown in Pennsylvania with [Child] during the fall of 2008, Mother filed for divorce on May 26, 2009. She filed a custody [C]omplaint approximately two weeks later. Father moved from North Carolina to State College, Pennsylvania during the summer of 2009.
>
> On April 8, 2010, the parties entered a consent [O]rder that awarded joint legal and shared physical custody of [Child] on an alternating weekly basis.  Approximately six months later, Father filed a [P]etition to modify the custody [O]rder wherein he sought primary physical custody of [Child.]  Mother's [A]nswer included a countervailing request for primary physical custody. Following a mediation conference, the trial court revised the

consent [O]rder to modify the custody schedule. Significantly, however, the parents continued to share physical custody.

On January 17, 2012, Father filed a second [P]etition for modification requesting primary physical custody of [Child] so that the child could attend kindergarten in the State College Area School District[,] as opposed to the West Branch Area School District where Mother resides. …

An evidentiary hearing convened on March 12, 2012, wherein Mother and Father testified and presented evidence. During the hearing, Mother testified briefly about her paramour of two years, C.D., and his relationship with [Child;] however, neither party called C.D. as a witness. Two weeks after the hearing, but prior to the trial court's custody determination, Mother informed Father that C.D. was going to move into her residence. In light of this change to the composition of her household, Mother filed a [M]otion for a supplemental hearing in order to present C.D.'s testimony. Father objected to reopening the record and insinuated that Mother had intentionally withheld the pertinent information. Following argument, the trial court denied Mother's [M]otion for a supplemental hearing. Thereafter, the trial court entered [a] custody [O]rder ….

*A.N.A. v. N.N.A.*, 75 A.3d 560 (Pa. Super. 2013) (unpublished memorandum at 1-3).

This Court vacated the custody [O]rder and remanded for further proceedings to consider C.D.'s testimony. *See id*. (unpublished memorandum at 7-11). Following a hearing, the trial court entered a custody Order on August 30, 2013, which awarded the parties shared legal custody, primary physical custody to Mother, and partial physical custody to Father.

On September 27, 2013, Father filed a Petition for Modification of Custody and a Petition for Appointment of Custody Evaluator. Upon

- 2 -

agreement of the parties, the trial court appointed Dr. Eric Bernstein ("Dr. Bernstein") as the custody evaluator. Dr. Bernstein provided his report on May 16, 2014. Thereafter, Mother filed an Answer to Father's Petition for Modification of Custody. The trial court held custody hearings on December 11, 2014, and January 26, 2015. On June 30, 2015, the trial court issued an Order denying Father's Petition for Modification of Custody and re-affirmed the August 30, 2013 custody Order. Father filed a timely Notice of Appeal, and a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Father raises the following questions for our review:

A. Did the trial court commit an abuse of discretion by making factual findings not supported by competent evidence of record?

B. Did the trial court enter conclusions which were (1) unreasonable in light of the sustainable findings of the trial court and (2) not supported by competent evidence of record?

C. Did the trial court abuse its discretion in not thoroughly analyzing the testimony presented to the court, including, but not limited to, the uncontradicted expert testimony presented by Dr. [] Bernstein, the court-appointed custody evaluator?

D. Did the trial court abuse its discretion in misinterpreting Father's position relative to his request to modify custody of [Child]?

Father's Brief at 4.

In custody cases,

our scope [of review] is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court

- 3 -

that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

**C.R.F. v. S.E.F.**, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

Additionally,

[t]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

**Ketterer v. Seifert**, 902 A.2d 533, 540 (Pa. Super. 2006) (citation

omitted).

In any custody case decided under the Child Custody Act ("Act"),[1] the paramount concern is the best interests of the child. **See** 23 Pa.C.S.A. §§ 5328, 5338; **see also E.D. v. M.P.**, 33 A.3d 73, 80-81 n.2 (Pa. Super. 2011). Section 5328(a), which sets forth a list of sixteen factors that the

---

[1] **See** 23 Pa.C.S.A. §§ 5321 et seq. Because the custody hearing was held in December 2014 and January 2015, the Act applies to this case. **See C.R.F.**, 45 A.3d at 445 (holding that, if the custody evidentiary proceeding commences on or after the effective date of the Act, i.e., January 24, 2011, the provisions of the Act apply).

trial court must consider when making a "best interests of the child" analysis

for a custody determination, provides as follows:

**§ 5328. Factors to consider when awarding custody**

**(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328;[2] ***see also E.D.***, 33 A.3d at 80.

"**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." ***J.R.M. v. J.E.A.***, 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original). Moreover, section 5323(d) mandates that, when the trial court awards custody, it "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). The trial court may not merely rely upon conclusory assertions regarding its consideration of the section 5328(a) factors in entering an order affecting

---

[2] Effective January 1, 2014, the statute was amended to include an additional factor at 23 Pa.C.S.A. § 5328(a)(2.1) (providing for consideration of child abuse and involvement with child protective services) and, therefore, was in effect at the time of the custody hearing in this matter.

custody.  *M.E.V. v. F.P.W.*, 100 A.3d 670, 681 (Pa. Super. 2014). However, "[i]n expressing the reasons for its decision, there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations."  *A.V. v. S.T.*, 87 A.3d 818, 823 (Pa. Super. 2014) (citation and quotation marks omitted).

We will address Father's first and second claims together.  Father contends that the trial court made factual findings not supported by the competent evidence.  Father's Brief at 40, 43.  Father argues that the trial court erroneously found that the factor at section 5328(a)(1) did not favor either party.  *Id*. at 40-41.  Father claims that this factor should have weighed in his favor as the evidence demonstrated his ongoing inability to speak with Child based upon Mother's actions.  *Id*. at 43-45.

Father also argues that under section 5328(a)(4), the trial court erroneously found that Father failed to produce evidence that a change of school to State College Area School District would better meet Child's needs. *Id*. at 41; *see also id*. at 45-52 (wherein Father argues that the trial court improperly weighed the factor at section 5328(a)(4) in favor of Mother because a change in school districts would be highly disruptive to the stability of Child).  Father asserts that he presented evidence demonstrating that State College Area School District would better meet Child's needs, and would provide Child with increased stability in his life.  *Id*. at 41-43, 45-52;

*see also id*. at 48-50 (wherein Father argues that a change of school districts and modification of the custody Order would provide Child with equal time with his parents).

Father additionally contends that the trial court failed to properly address Child's daily physical, emotional, and development needs under section 5328(a)(10), and the court's conclusion that this factor does not weigh in either party's favor was erroneous. *Id*. at 52. Father argues that this factor should weigh in his favor as Mother does not support Child's involvement in activities and Mother is incapable of attending to Child's developmental needs. *Id*. at 52-53.

With regard to the factor at section 5328(a)(5), Father asserts that the trial court's conclusion that this factor weighs in favor of Mother is unreasonable in light paternal grandmother's role in Child's life. *Id*. at 53-54. Father claims that despite the fact that Mother has more relatives in the area, the availability and involvement by paternal grandmother in Child's life is more important. *Id*. at 53.

With regard to the factor at section 5328(a)(8), Father contends that the trial court's finding that this factor does not weigh in either party's favor was erroneous given Mother's belief that Father is attempting to turn Child against her. *Id*. at 54-55. With regard to the factor at section 5328(a)(11), Father asserts that the trial court improperly found that this factor weighed in favor of Mother. *Id*. at 55. Father claims that the lack of problems in

custody exchanges and distance between residences does not evidence a finding that this factor favors Mother. *Id*. at 55-56.

With regard to the factor at section 5328(a)(13), Father contends that the trial court finding that this factor weighs in neither party's favor is belied by the record. *Id*. at 56. Father argues that Mother has repeatedly been unwilling to cooperate with Father, and has sought to exclude him from making decisions regarding Child. *Id*. at 56-58.

In its Opinion, the trial court undertook an analysis of the factors under section 5328(a), and determined that it was in Child's best interests for the existing custody Order to remain unchanged. *See* Trial Court Opinion, 6/30/15, at 4-9. Father challenges the trial court's findings as to various factors under Section 5328(a),[3] and argues that the trial court should have considered and weighed the factors differently. These arguments challenge the trial court's credibility determinations as to each of these factors, and would require this Court to reassess and reweigh the evidence in Father's favor. It is well-established that we cannot disturb the trial court's credibility determinations or reweigh the evidence. *See E.D.*, 33

---

[3] With regard to the trial court's consideration of the factor at section 5328(a)(10), we note that while the trial court focused on Child's educational needs in its Opinion, it explicitly stated that it considered all of the relevant factors in rendering the custody decision. *See* Trial Court Opinion, 6/30/15, at 4, 7; *see also A.V.*, 87 A.3d at 823 (stating that in providing reasons for a custody decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations.") (citation omitted).

A.3d at 76 (stating that "with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand"); *see also Robinson v. Robinson*, 645 A.2d 836, 838 (Pa. 1994) (stating that on issues of credibility and weight of the evidence with regard to custody orders, "appellate courts must defer to the findings of the trial judge who has had the opportunity to observe the proceedings and the demeanor of the witnesses."). Although Father is not satisfied with the weight that the trial court afforded to each of the factors in rendering its custody decision, a review of the record reveals that the trial court's findings of fact and conclusions of law are thoroughly supported by the ample evidence and testimony of record. *See C.R.F.*, 45 A.3d at 443 (stating that this Court cannot reweigh the evidence supporting the trial court's determinations as long as there is evidence to support the conclusions). Therefore, we conclude that the trial court did not abuse its discretion and defer to its custody decision. *See id*.

In his third claim, Father contends that the trial court abused its discretion in not thoroughly analyzing the uncontradicted expert testimony of Dr. Bernstein. Father's Brief at 58-59. Father asserts that Dr. Bernstein testified that he had no concerns with Child changing schools; that a change of schools would not cause a hardship to Child with regard to the commute

from Mother's home; and that both parents could actively contribute in Child's life. *Id*. at 59.

Here, Father is asking this Court to reweigh the evidence and Dr. Bernstein's testimony in his favor. As noted above, the trial court was free to accept and/or reject Dr. Bernstein's recommendations. *See M.A.T. v. G.S.T.*, 989 A.2d 11, 20 (Pa. Super. 2010) (*en banc*) (stating that "while a trial court is not required to accept the conclusions of an expert witness in a child custody case, it must consider them, and if the trial court chooses not to follow the expert's recommendations, its independent decision must be supported by competent evidence of record."); *see also id*. (stating that a trial court is under no obligation to delegate its decision-making authority to a custody evaluator). In rendering its custody decision, the trial court accepted some of Dr. Bernstein's recommendations, while rejecting others. As noted above, there was competent evidence of record to support the trial court's determination to leave the August 2013 custody Order unchanged, and we cannot reweigh the evidence in Father's favor. *See id*.; *see also C.R.F.*, 45 A.3d at 443. Thus, we cannot grant relief to Father on this claim.

In his final claim, Father contends that the trial court abused its discretion by misinterpreting his request to modify the custody Order. Father's Brief at 60. Father argues that while he sought primary physical custody in his Petition for Modification of Custody, during the hearings, he sought a shared physical custody arrangement based upon Dr. Bernstein's

- 11 -

report. *Id*. at 60-61. Father asserts that the trial court never addressed the matter based upon a shared physical custody arrangement, and thus, a reversal of its Order denying his Petition is required. *Id*. at 61-62.

It is well-settled that a party must file a petition with the trial court when seeking a modification of an existing custody arrangement. *See* *P.H.D. v. R.R.D.*, 56 A.3d 702, 706 (Pa. Super. 2012) (stating that a trial court "may not permanently modify a custody order without having a petition for modification before it.") (citation omitted); *see also* 23 Pa.C.S.A. § 5338(a) (stating that "[u]pon petition, a court may modify a custody order to serve the best interest of the child."); *G.A. v. D.L.*, 72 A.3d 264, 269-70 (Pa. Super. 2013) (noting that where a petition to modify custody has been filed, the parties must be provided with an opportunity to prepare and advocate their position in response to the petition).

Here, Father filed a Petition for Modification of Custody seeking primary physical custody of Child. *See* Petition for Modification of Custody, 9/27/13, at 4 (unnumbered); *see also* Trial Court Opinion, 6/30/15, at 1. Mother addressed the matter based upon the relief requested in the Petition. *See G.A.*, 72 A.3d at 269-70. The fact that Father may have changed his mind regarding the relief sought at the hearing does not render the trial court's focus upon the relief sought in the Petition an abuse of discretion.[4]

---

[4] We note that Father is free to file a new petition to modify seeking a shared physical custody arrangement that would allow Mother the opportunity to respond to this requested relief. *See* 23 Pa.C.S.A. § 5338(a).

In any event, the trial court considered both Father's testimony and Dr. Bernstein's report, including the testimony related to shared physical custody, in rendering its decision. As noted above, the trial court specifically found that the custody arrangement as set forth in the August 2013 Order was in Child's best interests because it provided him with stability and consistency, and that Father failed to prove the benefits of a modification of the arrangement. *See* Trial Court Opinion, 6/30/15, at 4, 9-10; *see also Jackson v. Beck*, 858 A.2d 1250, 1252 (Pa. Super. 2004) (stating that "a party requesting modification must prove that the alteration of an existing custody arrangement is in the child's best interest."). Thus, we cannot grant Father relief on his final claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016